IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







AP-76,059 & AP-76,060






EX PARTE TERRENCE LADON BROADWAY






On Applications for Writs of Habeas Corpus from


Harris County






 Womack, J., filed a concurring opinion, in which Johnson, J., joined .



 I join the Court's opinion, and I file this opinion only to comment on its use of the
term "plea-bargain case."

 As the Court's opinion points out, ante at note 3, we have given that term a special
definition in Rule of Appellate Procedure 25.2(a)(2): "In a plea bargain case - that is, a
case in which a defendant's plea was guilty or nolo contendere and the punishment did
not exceed the punishment recommended by the prosecutor and agreed to by the defendant ." (In such a case a defendant's right to appeal is limited to "only (A) those
matters that were raised by written motion filed and ruled on before trial, or (B) after
getting the trial court's permission to appeal.") This case was not a plea-bargain case
under that definition, and Rule 25.2's restriction on appeal did not apply.

 But plea bargains, in the common meaning of the term, may be of many other
kinds that do not involve agreed recommendations of punishment by the prosecutor. The
most frequent may be a defendant's agreement to plead guilty in one case (without an
agreement on punishment) in return for the dismissal of, or an agreement not to bring,
prosecutions for other offenses. Other bargains may affect the punishment without
coming within the Rule 25.2 definition of "plea bargain case." For example, the parties
may agree that, in a case in which there might be an issue of a deadly weapon's being
used (which would affect a defendant's eligibility for parole; see section 508.145(d) of
the Government Code), the judgment will not include an affirmative finding of such use.

 Today's decision insures that such plea-bargain agreements, even though they do
not come within the definition in Rule 25.2, must be considered to have "constituted a
bargain," as we said (ante, at 6). And, as we hold today, a defendant may voluntarily
make such an agreement. It seems clear to me, although today's case does not involve the
issue, that the State would be required to perform its part of the agreement. Issues of the
trial court's authority to reject such agreements surely will arise, and the Rule 25.2 cases
will provide guidance.


En banc.

Filed December 16, 2009.

Publish.